**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 11-325(1) (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Edward McCabe Robinson, | |
| Defendant. | |

Deidre Y. Aanstad, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Caroline Durham, Assistant Federal Defender, Office of the Federal Defender, counsel for Defendant.

This matter is before the Court upon Plaintiff's objection (Doc. No. 33) to Magistrate Judge Leo I. Brisbois's December 2, 2011 Report and Recommendation (Doc. No. 32). Defendant submitted a response to Plaintiff's objection on December 16, 2011. (Doc. No. 34.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objection. Having carefully reviewed the record and for the reasons stated

herein, the Court concludes that Plaintiff's objection offers no basis for departure from the Report and Recommendation.

In particular, Plaintiff disputes Magistrate Judge Brisbois's finding that a search warrant issued on August 31, 2011, did not establish probable cause to permit a saliva sample to be taken from Defendant for DNA analysis.  Specifically, Plaintiff challenges the conclusion that the search warrant affidavit was insufficient to support a finding of probable cause and that the search warrant was thus issued in violation of the Fourth Amendment.  Still, relying upon the *Leon* good faith exception, Magistrate Judge Brisbois recommended that Defendant's motion to suppress be denied.  (Doc. No. 32 at 6-7.)

Assuming, without deciding, that probable cause did not exist to issue the warrant in question, the Court concludes, as did Magistrate Judge Brisbois, that the *Leon* good faith exception would apply here.  *See United States v. Leon*, 468 U.S. 897, 919-23 (1984).  Therefore, the Court need not determine whether the search warrant affidavit independently established probable cause for the issuance of the warrant.  The motion to suppress is properly denied.

The Court, however, echoes Magistrate Judge Brisbois's concern that a DNA sample was taken from Defendant without any indication from the Government that DNA evidence actually exists on the firearm at issue for comparison.  *See United States v. Pakala*, 329 F. Supp. 2d 178, 181 (D. Mass. 2004) (requiring that DNA testing "not be performed" unless the laboratory determined that either or both of the firearms "contain a

substance which yields a DNA profile sufficient for comparison"). The Court further adopts the Magistrate Judge's recommendation that Plaintiff be required to seek a Court order before testing the DNA sample taken from Defendant.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiff's objections (Doc. No. [33]) to Magistrate Judge Leo I. Brisbois's December 2, 2011 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's December 2, 2011 Report and Recommendation (Doc. No. [32]) is **ADOPTED** to the extent and for the reasons described herein.

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [22]) is **DENIED**.

4. Plaintiff shall seek leave of the Court prior to testing the DNA sample taken from Defendant.

Dated: March 19, 2012        s/Donovan W. Frank
                             DONOVAN W. FRANK
                             United States District Judge